**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Dwayne E. Markson,

Plaintiff,

v.

Inter-Con Securirt,

Defendants.

Case No. 2:26-cv-02737-JAD-BNW

**ORDER and**
**REPORT and RECOMMENDATION**

Pro se Plaintiff Dwayne E. Markson moves to proceed *in forma pauperis*. ECF No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. His request to proceed *in forma pauperis,* therefore, will be granted. This Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I. Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Screening the Complaint

### A. Plaintiff's Allegations

Plaintiff alleges that Dee Johnson, an employee of Inter-con Security, harassed him. According to Plaintiff, Johnson admitted that Brett Reed instructed her to harass and provoke Plaintiff in an effort to induce him to strike her, thereby providing Johnson with a justification to shoot Plaintiff.

Plaintiff pleads two claims: assault (NRS 200.471) and attempted murder against Inter-con Security.

### B. Analysis

Plaintiff's claims are criminal provisions with no private right of action; a private litigant cannot enforce them civilly. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action or basis of civil liability under 18 U.S.C. §§ 241, 242); *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 69, 110 P.3d 30, 48 (2005) (finding that NRS 197.200, which makes it a criminal offense for "an officer to unlawfully and maliciously, under pretense or color of official authority, commit oppression by arresting or detaining another against his will," does not create a civil cause of action), *abrogated on other grounds by Buzz*

*Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). As a result, this Court recommends that the complaint be dismissed with prejudice.[1]

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS RECOMMENDED** that the complaint (ECF No. 1-1) be dismissed with prejudice.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 1, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

[1] Plaintiff is free to file a separate complaint in a new case naming proper defendants and alleging causes of action as to which he has a private right of action. Of note, claims against the Eighth Judicial District Court is an arm of the state and thus protected from suit in federal court under the Eleventh Amendment. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (finding that "[t]he Supreme Court of Nevada and the Third Judicial District Court of Nevada, as agencies of the state, were [ ] properly dismissed from suit on eleventh amendment grounds.").